IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTHONY McROBERTS,

    **Plaintiff,**

    v.                                                                                  CASE NO. 21-3141-SAC

HOPE FIKES, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiff is in custody at the Hutchinson Correctional Facility in Hutchinson, Kansas ("HCF"). The Court granted Plaintiff leave to proceed *in forma pauperis*. This matter is before the Court on Plaintiff's Request for Appointment of Counsel (Doc. 14). On July 13, 2021, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 11) ("MOSC") granting Plaintiff an opportunity to show good cause why his Complaint should not be dismissed and an opportunity to file an amended complaint to cure the deficiencies set forth in the MOSC. Plaintiff has now filed an Amended Complaint (Doc. 13) and has requested the appointment of counsel.

Plaintiff previously requested the appointment of counsel and the Court denied the request without prejudice in the MOSC. Plaintiff currently seeks the appointment of counsel, arguing that Plaintiff is indigent with no legal training, Plaintiff is in segregation with limited access to legal materials, and Plaintiff has a mental health disorder.

Plaintiff made similar arguments in his prior motion to appoint counsel. The Court denied that request without prejudice in the Court's MOSC, finding that there is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint

1

counsel in a civil matter lies in the discretion of the district court.  *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).  "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel."  *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)).  It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case."  *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims."  *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979).  Regarding Plaintiff's current motion to appoint counsel, the Court again concludes that (1) it is not clear at this juncture that Plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments.  The Court denies the motion without prejudice to refiling the motion if Plaintiff's Amended Complaint survives screening.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Request for Appointment of Counsel (Doc. 14) is **denied without prejudice.**

**IT IS SO ORDERED**.

**Dated September 3, 2021, in Topeka, Kansas.**

s/ Sam A. Crow
**Sam A. Crow**
**U.S. Senior District Judge**
