IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTHONY McROBERTS,

    **Plaintiff,**

v.                                                                                               CASE NO. 21-3141-SAC

HOPE FIKES, et al.,

    **Defendants.**

**MEMORANDUM AND ORDER
AND ORDER TO SHOW CAUSE**

Plaintiff Anthony McRoberts is hereby required to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why this action should not be dismissed due to the deficiencies in Plaintiff's Amended Complaint that are discussed herein. Plaintiff is also granted an opportunity to file a second amended complaint to cure the deficiencies.

**1. Nature of the Matter before the Court**

Plaintiff brings this *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiff is in custody at the Hutchinson Correctional Facility in Hutchinson, Kansas ("HCF"). The Court granted Plaintiff leave to proceed *in forma pauperis*.[1] On July 13, 2021, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 11) ("MOSC") granting Plaintiff an opportunity to file an amended complaint to cure the deficiencies set forth in the MOSC. This matter is before the Court for screening Plaintiff's Amended Complaint at Doc. 13. The Court's screening standards are set forth in the MOSC.

Plaintiff alleged in his original Complaint that the mental healthcare at HCF is deficient

---

[1] Plaintiff submitted his initial partial filing fee and then subsequently submitted the remainder of the filing fee for this case. Plaintiff's payments resulted in an overpayment and Plaintiff has made inquiries regarding his right to a refund. The Court will process Plaintiff a refund of his $40.50 overpayment.

1

and that the current healthcare provider refuses to transfer mental health patients who need help. Plaintiff alleged that HCF lacks adequate mental healthcare, questioned staff's credentials, and alleged that Defendant Fikes is not allowing inmates to be transferred to a proper facility that specializes in mentally ill inmates. In his request for relief, Plaintiff sought an emergency transfer to the TRU unit at Lansing Correctional Facility or to the El Dorado Mental Health Facility to be under the care of adequate mental health staff. (Doc. 1, at 5.) Plaintiff also sought to have an investigator assess HCF. *Id*.

The Court held in the MOSC that Plaintiff's allegations do not show a complete lack of medical care, but rather show Plaintiff's disagreement regarding the proper course of treatment, and that Plaintiff failed to show that Defendant Fikes disregarded an excessive risk to his health or safety or that she was both aware of facts from which the inference could be drawn that a substantial risk of serious harm existed, and also drew the inference. The Court found that Plaintiff's claims suggest, at most, negligence.

Regarding Plaintiff's claim that his cell was hot during the summer months, the Court held that Plaintiffs' allegations fail to allege a "sufficiently serious" deprivation or facts showing he is "incarcerated under conditions posing a substantial risk of serious harm." The Court found that Plaintiff failed to allege "deliberate indifference" by any defendant. The Court also found that Plaintiff does not have a constitutional right to dictate where he is housed, whether it is which facility or which classification within a facility.

In his Amended Complaint, Plaintiff alleges that he is being refused mental healthcare and that keeping him in solitary confinement is mentally and physically dangerous to Plaintiff. Plaintiff alleges that since he was stabbed on February 26, 2019, he has been in administrative segregation and is being refused a transfer to another facility.

Plaintiff names Hope Fikes, Behavior Health Coordinator, as the sole defendant. Plaintiff claims Fikes is not allowing him to see a psychiatrist and is falsifying documents to make it look like Plaintiff has been seen by a psychiatrist. Plaintiff's request for relief seeks to have an "Investigator to verify such conditions violate the acts listed and that they be brought to the attention of (P&A) systems so no other mental health inmates have to go through what [he has] gone through." (Doc. 13, at 5.)

## II. DISCUSSION

Plaintiff's Amended Complaint fails to cure the deficiencies set forth in the MOSC. Plaintiff's allegations show a disagreement regarding his medical care and fail to show that Defendant Fikes was deliberately indifferent to his health or safety. Plaintiff's claims suggest, at most, negligence and are subject to dismissal.

Plaintiff continues to seek injunctive relief in the form of an investigation into his allegations. Plaintiff has failed to show that he is entitled to injunctive relief. To obtain a preliminary injunction, the moving party must demonstrate four things: (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of the equities tip in the movant's favor; and (4) that the injunction is in the public interest. *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010). "[A] showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.,* 356 F.3d 1256, 1260 (10th Cir. 2004).

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). A preliminary injunction is appropriate only when the movant's right

to relief is clear and unequivocal. *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005). Moreover, a federal court considering a motion for preliminary injunctive relief affecting the conditions of a prisoner's confinement must give "substantial weight to any adverse impact on public safety" and on prison operation. 18 U.S.C. § 3626(a)(2). Finally, a mandatory preliminary injunction, such as the one sought by Plaintiff, which requires the non-moving party to take affirmative action, is disfavored and therefore requires the moving party to make a heightened showing of the four factors above. *Little*, 607 F.3d at 1251. Because preliminary injunctions and TRO's are drastic remedies—"the exception rather than the rule—plaintiffs must show that they are clearly and unequivocally entitled to relief." *Adrian v. Westar Energy, Inc.*, No. 11-1265-KHV, 2011 WL 6026148, at *3 (D. Kan. 2011) (citations omitted).

The Court finds that Plaintiff has not met his burden to make a heightened showing that entry of a preliminary injunction is warranted; he has not demonstrated a likelihood of success on the merits such that his right to relief is clear and unequivocal.

## III. Response and/or Amended Complaint Required

Plaintiff is required to show good cause why his Amended Complaint should not be dismissed for the reasons stated herein. Plaintiff is also given the opportunity to file a complete and proper second amended complaint upon court-approved forms that cures all the deficiencies discussed herein.[2] Plaintiff is given time to file a complete and proper second amended complaint

---

[2] To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it. Therefore, any claims or allegations not included in the amended complaint are no longer before the court. It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint. Plaintiff must write the number of this case (21-3141-SAC) at the top of the first page of his amended complaint and he must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff should also refer to each defendant again in the body of the amended complaint, where he must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances. Plaintiff must allege sufficient additional facts to show a federal constitutional violation.

in which he (1) raises only properly joined claims and defendants; (2) alleges sufficient facts to state a claim for a federal constitutional violation and show a cause of action in federal court; and (3) alleges sufficient facts to show personal participation by each named defendant.

If Plaintiff does not file a second amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient Amended Complaint and may be dismissed without further notice for failure to state a claim.

**IT IS THEREFORE ORDERED THAT** Plaintiff is granted until **December 14, 2021,** in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why Plaintiff's Amended Complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff is also granted until **December 14, 2021**, in which to file a complete and proper second amended complaint to cure all the deficiencies discussed herein.

The clerk is directed to send § 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED**.

**Dated November 19, 2021, in Topeka, Kansas.**

> **S/ Sam A. Crow**
> **SAM A. CROW**
> **SENIOR U. S. DISTRICT JUDGE**